**William McNUTT, Individually and as Personal Representative of the Estate of John K. McNutt, and Doris McNutt, Individually, Appellants,**

v.

**TELEDYNE INDUSTRIES, INC. Appellee.**

**No. 05–84–00909–CV.**

Court of Appeals of Texas, Dallas.

May 20, 1985.

Rehearing Denied June 6, 1985.

Randall R. Moore, Dallas, for appellants.

John H. Martin, William L. Banowsky, Dallas, for appellee.

Before CARVER, VANCE and MALO-NEY, JJ.

CARVER, Justice.

William McNutt and Doris McNutt, surviving parents of John K. McNutt, deceased, (William McNutt also being the appointed personal representative of their son's estate) appeal the trial court's dismissal of their wrongful death action against Teledyne Industries, Inc. pursuant to Teledyne's motion that the forum chosen by the McNutts was a *forum non conveniens.* We affirm.

It is undisputed in the record: (1) that the son was a permanent resident of Fort Collins, Colorado prior to the accident in which he was killed; (2) that the son was one of six people aboard a private airplane departing from Yampa Valley Airport in Hayden, Colorado for Fort Collins when the airplane crashed on take-off killing all six people; (3) that the airplane was owned by Pat Griffith Company of Fort Collins and was being flown by Nick Jankovich, a Fort Collins pilot; (4) that the primary witnesses to the crash were two crew members of Airlink Airlines, Flight 463, who are residents of Colorado; (5) that the earliest persons to reach the scene of the crash included members of the Hayden, Colorado Fire and Ambulance Department, members of the Sheriff's Department, and members of the Colorado State Troopers; (6) that the official investigation of the crash was conducted by the members of the Denver, Colorado office of the National Transportation and Safety Board; and (7) that all these mentioned witnesses and their records are in the state of Colorado. The McNutt's pleadings assert that Teledyne's negligent servicing of the airplane's engines in *Missouri* was the proximate cause of their son's death in *Colorado.* The McNutts assert that they are residents of Texas and that Teledyne, a California Corporation, conducts substantial business in, and maintains significant contacts with, Texas.

The McNutts first urge that the Texas Wrongful Death Act, Title 77, specifically TEX.REV.CIV.STAT.ANN. art. 4678 (Vernon Supp.1984)[1] grants them the absolute right to prosecute this suit in Texas and that this right may not be defeated by the availability of an alternative forum. We cannot agree that either the plain wording or a proper construction of article 4678 supports this argument. Our Legislature plainly used the permissive language "may be enforced" rather than the mandatory

---

**1.** Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default or another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country or of this State, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. All matters pertaining to procedure in the prosecution or maintenance of such action in the courts of this State shall be governed by the law of this State, and the court shall apply such rules of substantive law as are appropriate under the facts of the case.

language "shall be enforced," which is inconsistent with the claimed absolute right asserted by the McNutts. Our Legislature also provided that, while the substantive law of the foreign state or country would govern the cause of action, "all matters pertaining to procedure" in Texas would be governed by the law of Texas. Texas recognizes the equitable doctrine of *forum non conveniens* as an equitable and a *procedural rule* which does not determine jurisdiction, but only determines that the jurisdiction which exists shall not be exercised where another forum, also having jurisdiction, is better able to act. *Gannon v. Payne,* No. 84–826, (Tex.App.—Dallas April 26, 1985, no writ) (not yet reported); *Van Winkle—Hooker Co. v. Rice,* 448 S.W.2d 824, 827–28 (Tex.Civ.App.—Dallas 1969, no writ). We do not read article 4678 to grant the McNutts the absolute right to try their case to a Texas court, *Couch v. Chevron International Oil Co.,* 672 S.W.2d 16, 17 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e. at 682 S.W.2d 534 (Tex.1984)), but we do read article 4678 to grant the McNutts the absolute right to try their case in a forum which, by reason of its practiced application of the law of the case and by reason of its ability to compel the attendance of witnesses and the production of documents and other evidence, will be the more likely to determine justice in the case. *Gannon v. Payne,* No. 84–826, (Tex.App.—Dallas April 26, 1985, no writ) (not yet reported); *see Flaiz v. Moore,* 359 S.W.2d 872, 874–76 (Tex.1962). The McNutts rely on *Allen v. Bass,* 47 S.W.2d 426 (Tex.Civ.App.—El Paso 1932, writ ref'd), for their proposition that the existence of an alternative forum cannot deprive them of their selected forum. As we read *Allen,* the doctrine of *comity* was at issue, not the doctrine of *forum non conveniens.* If *Allen* can be read as urged by the McNutts, we disagree with the holding and adhere to our holding in *Van Win-*

*kle,* as well as the Supreme Court's holding in *Flaiz.*

■ The McNutts next complain that even if they did not have an absolute right to the forum they chose, the trial court abused its discretion in sustaining the plea of *forum non conveniens.* We cannot agree. It is undisputed that the only factor which favors the McNutt's choice of forum is their own residence while all other factors to be considered, such as law of the case, *see Gutierrez v. Collins,* 583 S.W.2d 312 (Tex.1979) and availability of evidence and witness, would favor Colorado as the appropriate forum. "Abuse of discretion" is more than mere error and amounts to arbitrary and unreasonable action. *Parks v. U.S. Home Corp.,* 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). We hold that the trial court's finding was *not* arbitrary and unreasonable in the light of the great preponderance of factors supporting its decision.[2] To the contrary, a decision by the trial court to *retain* the case on the minimal support urged by the McNutts would more likely suggest an "arbitrary and unreasonable" exercise of its discretion.

■ Lastly, the McNutts urge that there is no showing that Colorado could deliver any better justice in the case than Texas. We can agree to the extent that a "likely" showing is not a "certain" showing. However, a "certain" showing is *not* required by any authority cited by the McNutts. To the contrary, *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), as well as the Texas cases relying on *Gilbert,* reflect the view that the best of forums, in the sense of practiced skill at the applicable law and fullest availability of evidence and witnesses, will *likely* produce the best justice.

Affirmed.

---

**2.** Appropriate factors in applying the doctrine of *forum non conveniens* were detailed in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Texas courts have adopted the *Gilbert* tests. *See Cole v. Lee,* 435 S.W.2d

283, 285 (Tex.Civ.App.—Dallas 1968, writ dism'd); and *Forcum-Dean Co. v. Missouri Pacific Railroad Co.,* 341 S.W.2d 464, 466 (Tex.Civ.App.—San Antonio 1960, writ dism'd).