Samir Rachid **SARIEDDINE**, Appellant,

v.

Atef Jawad **MOUSSA**, Appellee.

No. 05–90–01035–CV.

Court of Appeals of Texas, Dallas.

Oct. 2, 1991.

Rehearing Denied Nov. 12, 1991.

T. Ray Guy, Dallas, for appellant.

Bruce Priddy and Keith C. McDole, Dallas, for appellee.

Before STEWART, KINKEADE and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Samir R. Sarieddine sued to recover on a note on which Atef Jawad Moussa defaulted. Sarieddine's sole point of error is that the trial court erred in dismissing the case under the doctrine of forum non conveniens. We reverse and remand.

### FACTS

Affidavits on file show that Sarieddine, a Lebanese citizen, has resided in Bellevue, Washington, since 1987.[1] Moussa, also a Lebanese citizen, has resided in Bahrain since 1981.[2]

In 1981, Moussa agreed to purchase all of Sarieddine's stock in C.M.C. Group, a Luxembourg corporation, for $4.4 million. Moussa defaulted under the 1981 agreement and a second agreement. A third agreement was negotiated by telephone and correspondence in 1986, with Sarieddine negotiating from Seattle and Moussa from Bahrain. Pursuant to the agreement, Moussa would pay Sarieddine the remaining $1,846,000 owed in installments. The

---

1. Before moving to Bellevue, Sarieddine resided in Abu–Dhabi from 1975 through 1986.

2. Moussa lists as his only address a P.O. Box in Bahrain. Before he became a resident of Bahrain, Moussa resided in Abu-Dhabi. Moussa has never been resided in Texas or any other state in the United States.

1986 agreement also contained the following forum selection clause with respect to actions under the agreement or note:

> Any action to enforce the terms of this Agreement or any promissory or installment note ... may be brought in the court of any jurisdiction in which Moussa or any of his property or assets is *located....*

(Emphasis added.) In May 1988, Moussa defaulted a third time.

On or about May 28, 1988, a court in Abu–Dhabi served Moussa with a Provisional Attachment Order (the Attachment Order) prohibiting Moussa from making any payments to Sarieddine to the extent of 1,498,978 UAE dirhams (approximately $409,000) and 10,000 UAE dirhams (approximately $2,725) in court costs. Instead, Moussa was to pay a third party this amount owed under the Attachment Order. Sarieddine has employed counsel in Abu–Dhabi to appeal the judgment[3] that resulted in the Attachment Order.

Sarieddine filed suit in Dallas, Texas in February 1990 to recover approximately $1.5 million still owed by Moussa under the 1986 agreement and note. Moussa was personally served in Dallas on February 9, 1990. The trial court dismissed the case under the doctrine of forum non conveniens.

## FORUM SELECTION CLAUSE

■ Sarieddine asserts that the forum selection clause precludes Moussa from asserting forum non conveniens. A forum selection clause is a valid means of asserting personal jurisdiction over a party. *Monesson v. National Equip. Rental, Ltd.,* 594 S.W.2d 780, 781 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). A valid selection clause can also be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring transferring the case from the agreed forum. *Plum Tree v. Stockment,* 488 F.2d 754, 758 n. 7 (3rd Cir.1973). Although Sarieddine cites no Texas authority,

and we find none on point, federal case law persuades us that a trial court is not bound by the forum selection clause agreement if the interests of the witness and of the public strongly favor transferring the case to another forum. *Id.* While the forum selection clause might confer personal jurisdiction, we hold that it does not preclude consideration of a motion to dismiss on the theory of forum non conveniens. We will, therefore, consider the forum selection clause only as a factor in determining whether the trial court erred by dismissing this case under forum non conveniens.

■ Moussa contends that the forum selection clause is not valid because it is too vague. Affidavits show that the clause in question was contested and bargained for. Moussa proposed the terms "in any appropriate jurisdiction" rather than the "is located" language. After Sarieddine rejected Moussa's proposal, Moussa agreed to the "is located" language. Moussa now argues that the term "is located" means wherever he resides. Sarieddine argues that the forum selection clause entitles him to sue Moussa wherever Moussa can be personally served. We hold that Sarieddine's interpretation is more consistent with the common sense meaning of the word "located."

## FORUM NON CONVENIENS

### A.  Forum Non Conveniens Defined

■ The doctrine of forum non conveniens is an equitable doctrine exercised by courts to resist imposition of an inconvenient jurisdiction on a litigant, even if jurisdiction is supported by the long-arm statute and would not violate due process. A trial court will exercise the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum. *Van Winkle–Hooker Co. v. Rice,* 448 S.W.2d 824, 826 (Tex.Civ.App.—Dallas 1969, no writ). In determining whether to

---

**3.** The judgment was a default judgment rendered after Sarieddine failed to answer in a suit filed by a third party in Abu–Dhabi. The plaintiff in the Abu–Dhabi suit is not a party in the current Texas suit.

dismiss a case under the doctrine of forum non conveniens, the trial court must weigh a number of factors. Appropriate factors in applying the doctrine of forum non conveniens were detailed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Texas courts have adopted the *Gilbert* factors. *McNutt v. Teledyne Indus., Inc.*, 693 S.W.2d 666, 668 (Tex. App.—Dallas 1985, writ dism'd); *see also Cole v. Lee*, 435 S.W.2d 283, 285 (Tex.Civ. App.—Dallas 1968, writ dism'd); *Forcum–Dean Co. v. Missouri Pac. R.R.*, 341 S.W.2d 464, 466 (Tex.Civ.App.—San Antonio 1960, writ dism'd). Factors to be considered are the private interests of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance from willing witnesses. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. Other factors, known as "public factors," include the burden imposed upon the citizens of the state, the burden on the trial court, and the general interest in having localized controversies decided in the jurisdiction in which they arose. *Gulf Oil*, 330 U.S. at 507–08, 67 S.Ct. at 842–43. Another consideration is whether a judgment obtained in this jurisdiction will be enforceable. *Flaiz v. Moore*, 359 S.W.2d 872, 874 (Tex.1962). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

### B. Jurisdiction

■ Before a court may invoke forum non conveniens, the court must find that it has jurisdiction over the defendant. *McNutt*, 693 S.W.2d at 668. Since Moussa was personally served in Dallas, Texas, he agreed that the trial court has jurisdiction over him due to the holding in the recent United States Supreme Court case, *Burnham v. Superior Court of California*, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (jurisdiction based on physical presence alone constitutes due process). Because Moussa conceded jurisdiction, it is not necessary to determine whether Mous-

sa maintained "minimum contacts" with Texas or whether his activities were "continuous or systematic" so that the exercise of general jurisdiction over Moussa would not offend "fair play and substantial justice." *McNutt*, 693 S.W.2d at 668; *see generally Guardian Royal Exchange Assur., Ltd. v. English China Clays P.L.C.*, 815 S.W.2d 223 (Tex.1991).

### C. The Validity of Forum Non Conveniens in Texas

■ The first question we address is whether Texas still recognizes forum non conveniens after the recent Texas Supreme Court holding in *Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674 (Tex.), *cert. denied*, —— U.S. ——, 111 S.Ct. 671, 112 L.Ed.2d 663 (1990). The court in *Alfaro* ruled that section 71.031 of the Civil Practice and Remedies Code abolished forum non conveniens in cases involving personal injury and wrongful death. *Alfaro*, 786 S.W.2d at 679. Sarieddine asserts that *Alfaro* has abolished forum non conveniens for all cases or, alternatively, that section 17.042 of the Texas Civil Practice & Remedies Code and rule 108 of the Texas Rules of Civil Procedure have abolished forum non conveniens in Texas.

In *Alfaro*, Costa Rican workers and their wives sued Dow Chemical Company and Shell Oil Company in Houston, Texas, under section 71.031 of the Civil Practice and Remedies Code for injuries suffered in Costa Rica. Section 71.031(a) provides:

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country....

TEX.CIV.PRAC. & REM.CODE ANN. § 71.031(a) (Vernon 1986). The Texas Supreme Court held in *Alfaro* that the phrase "may be enforced in the courts of this state" contained in section 71.031 is mandatory. The court concluded that forum non conveniens had been statutorily abolished for cases arising out of section 71.031. *Alfaro*, 786

S.W.2d at 679. *Alfaro* is strictly limited to personal injury and wrongful death suits filed under section 71.031 of the Civil Practice and Remedies Code. *See Alfaro,* 786 S.W.2d at 679. Section 17.042, the Long Arm Statute, as well as sections 17.043 and 17.044 addresses the extent of personal jurisdiction granted to Texas courts by outlining who can be served. TEX.CIV.PRAC. & REM.CODE ANN. §§ 17.042, 17.043, 17.044 (Vernon 1986). Sections 17.043 and 17.044 provide only for service of process. TEX. CIV.PRAC. & REM.CODE ANN. §§ 17.043, 17.-044 (Vernon 1986). There is no mandatory language in these statutes to justify holding that they abolish forum non conveniens. These statutes merely outline over whom Texas courts can acquire personal jurisdiction. While a trial court may be required to find *jurisdiction* over the defendant, there is no language in the statutes prohibiting the trial court from dismissing the case under a theory of forum non conveniens.

Concerning rule 108 of the Texas Rules of Civil Procedure, this rule codifies Texas due process standards by stating that a "defendant served with notice shall be required to appear and answer ... to the full extent that he may be required to appear and answer under the Constitution of the United States." TEX.R.CIV.P. 108. There is no language in rule 108 prohibiting a trial court from dismissing a case on a theory of forum non conveniens once the defendant has "appear[ed] and answer[ed]." *See* TEX.R.CIV.P. 108.

We find that there is no basis for the assertion that Texas has abolished forum non conveniens for all cases. Therefore, we hold that Texas continues to recognize the validity of the theory of forum non conveniens for all cases except those involving personal injury or death.

### D. Standard of Review

Before this Court can find that the trial court reversibly erred in dismissing the case under the doctrine of forum non conveniens, we must find that it abused its discretion in dismissing the case. *McNutt,* 693 S.W.2d at 668. We stated in *McNutt* that " '[a]buse of discretion' is more than mere error and amounts to arbitrary and unreasonable action." *McNutt,* 693 S.W.2d at 668. The defendant bears the burden of invoking the doctrine and moving to dismiss in favor of a foreign forum. As a general rule, the burden of persuasion runs to all elements of the forum non conveniens analysis. *In re Air Crash Disaster near New Orleans, La.,* 821 F.2d 1147, 1164 (5th Cir.1987), *vacated,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1988); *Van Winkle–Hooker,* 448 S.W.2d at 827.

### E. Alternative Forum

The doctrine of forum non conveniens presumes that at least two forums are available to the plaintiff to pursue the claim. *Van Winkle–Hooker,* 448 S.W.2d at 826. The "district court must first determine that an available and alternative forum exists. This is a two part inquiry: availability and adequacy." *In re Air Crash,* 821 F.2d at 1165. A "foreign forum is available when the entire case and all the parties can come within the jurisdiction of that forum." *Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 727 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 1322, 113 L.Ed.2d 255 (1990). A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly. *In re Air Crash,* 821 F.2d at 1165. An exception to the general rule that the defendant bears the burden on all elements of the forum non conveniens analysis is that, once the defendant establishes that an "available" forum exists, the plaintiff must prove that the available forum is not adequate. *Vaz Borralho v. Keydril Co.,* 696 F.2d 379, 393–94 (5th Cir.1983). Justice Gonzalez, in his dissent in *Alfaro,* suggested a standard similar to the one we adopt today: that an alternative forum should be more than one where the defendant is amenable to process. *See Alfaro,* 786 S.W.2d at 695 (Gonzalez J., dissenting).

### 1. Available Forums

■ Applying this two-part test to this case, we must first determine whether there is evidence that any single "available" forum exists where all the defen-

dants are amenable to process. *In re Air Crash*, 821 F.2d at 1165. We hold that Lebanon is an available forum because both parties are citizens of Lebanon. Abu–Dhabi is also an available forum because Moussa has consented to jurisdiction there. *Piper Aircraft v. Reyno*, 454 U.S. 235, 242, 102 S.Ct. 252, 259, 70 L.Ed.2d 419 (1981) (a defendant is amenable to process for purposes of a forum non conveniens analysis where the defendant agreed to "submit to the jurisdiction statutes of the Scottish courts"). Bahrain is also an available forum since Moussa resides in Bahrain. We conclude that Lebanon, Abu–Dhabi, and Bahrain are available forums for purposes of further forum non conveniens analysis. *In re Air Crash*, 821 F.2d at 1164.

### 2. Adequate Forums

Having determined that Lebanon, Abu–Dhabi, and Bahrain are available forums, we now must determine whether these forums are also "adequate." *In re Air Crash*, 821 F.2d at 1165. Sarieddine has not established the inadequacy of any of the available forums. Therefore, we will presume that all of the available forums are adequate and qualify as alternative forums. *See Vaz Borralho v. Keydril Co.*, 696 F.2d at 393–94.

Having found that an alternative forum exists, we will now weigh the other factors to determine whether the balance so strongly favors Moussa that Sarieddine's choice of forum should be disturbed. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

### F. Analysis of Private and Public Factors

■ The determination of whether a forum is convenient rests upon several private and public factors that the United States Supreme Court stated should be considered and balanced by a court when presented with a motion to dismiss for forum non conveniens. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Van Winkle–Hooker*, 448 S.W.2d at 827. The burden of establishing that the balance strongly favors dismissal

lies necessarily with the defendant. *Van Winkle–Hooker*, 448 S.W.2d at 827; *In re Air Crash*, 821 F.2d at 1164.

#### 1. Private Interest Factors

The United States Supreme Court in *Gulf Oil* established that the private interests to be considered are:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. While Moussa states in his affidavit that witnesses involved in the negotiation reside in the "Middle East," there is no evidence that any of the potential alternative forums (Abu–Dhabi, Bahrain, or Lebanon) would be able to acquire personal jurisdiction over these witnesses. Moussa does state in his affidavit that the witnesses associated with the Attachment Order reside in Abu–Dhabi. Moussa has not pointed to any evidence that the potential alternative forums, other than Abu–Dhabi, would be able to acquire jurisdiction over these potential witnesses. The evidence shows only that Abu–Dhabi would be able to acquire jurisdiction over those witnesses associated with the Attachment Order and not necessarily any other potential witness. There is also no evidence that any of the potential alternative forums would be better able to compel production of documents involved in the negotiation of the contract. As for the convenience of the individual litigants, it appears that no matter where this case is ultimately tried, one of the litigants will have to travel across the ocean to litigate this case. Moussa, in his affidavit, states that any witnesses involved in the negotiation of the contract and note as well as those involved in the Attachment Order will have to travel from the Middle East if their testimony is required at trial. In addition to the inconvenience of potential witnesses from the Middle East, we must

consider Sarieddine's interest in having to travel to the Middle East to litigate. When balancing all the interests and considering the fact that Moussa consented to jurisdiction wherever he could be located, we hold that Moussa failed to establish that the balance of private interest factors so strongly favors him that Sarieddine's choice of forum should be disturbed. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

### 2. Public Interest Factors

We next consider the public interest factors: the burden imposed upon the citizens and the courts of this state, the general interest in having localized controversies decided in the jurisdiction in which they arose, and the interest in having a diversity case tried in a forum that is familiar with the law that must govern the action. The *Alfaro* case suggests that additional burdens placed upon the community and the court are not sufficient reasons to dismiss a case properly filed in Texas even if the parties and events giving rise to the cause of action have no connection with Texas. In *Alfaro*, foreign plaintiffs were allowed to pursue a claim for injuries received in their native land against a foreign corporation over which the trial court determined it had jurisdiction. *Alfaro*, 786 S.W.2d at 675, 679; *see also Alfaro*, 786 S.W.2d at 686 (Doggett, J., concurring) ("If we began to refuse to hear lawsuits properly filed in Texas because they are sure to require time, we set a precedent that can be employed to deny Texans access to these courts."). The issues involved in this suit are not local to any single forum. The controversy involves a contract negotiated from two different continents implicating the law of many jurisdictions. Therefore, we cannot identify any one forum with a greater interest in the controversy between Moussa and Sarieddine.

■ Concerning choice of law, there are potentially as many choices of law as there are forums. Texas uses the "most significant relationship" test in determining the choice of law. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984). In a case involving a choice of United States law or foreign law, once a district court determines that foreign law clearly applies, it is then appropriate to apply forum non conveniens standards in determining whether to retain jurisdiction. *DeMateos v. Texaco, Inc.*, 562 F.2d 895, 899 (3rd Cir.1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978). However, "if United States law is applicable, the American court should retain jurisdiction rather than relegate the controversy to a foreign tribunal." *Ismail v. Ismail*, 702 S.W.2d 216, 223 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (citing *Fisher v. Agios Nicolaos V*, 628 F.2d 308, 314–15 (5th Cir.1980), *cert. denied*, 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981)).

The burden of establishing that foreign law applies lies with the defendant. *In re Air Crash*, 821 F.2d at 1164. Moussa has suggested that a number of potential choices of law exist since the contract in issue was negotiated in Seattle, Washington, and Bahrain; signed in Switzerland and Bahrain; and involved the sale of companies incorporated under the laws of Liechtenstein, Lebanon, and Bahrain. There has been no showing by Moussa that the law of any one country should apply.

If we dismiss this case, the burden may simply be pushed to another forum whose interest in this litigation is no more tenable than ours. The burden was on Moussa to show that the balance of public factors strongly favors dismissing the case. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. The evidence does not show that the balance of factors strongly favors dismissal.

### ENFORCEABILITY OF THE ABU-DHABI ATTACHMENT ORDER

Moussa argues that if this case is tried in Texas, a Texas trial court would have to determine the validity of the Attachment Order. He claims that the order prevents him from paying Sarieddine the debt owed. Moussa is arguing the merits of the suit since the validity of the Attachment Order concerns whether he has a defense to suit by Sarieddine. We need not address this contention, because the merits of Saried-

dine's suit are not before us. The fact that the Attachment Order was litigated in Abu–Dhabi courts is also of no concern in a forum non conveniens analysis. The suit concerning the Attachment Order involved different parties and a different subject matter. That it was decided in another jurisdiction has no bearing on our analysis.

## CONCLUSION

The doctrine of forum non conveniens should be exercised only in those cases where the balance of factors so strongly favors the defendant that, in the interest of justice, the case should be tried in another forum. The burden of proving that the factors are in his favor rests with the defendant. The trial court must consider not only the negatives of the plaintiff's forum of choice, but should also consider the negatives of the alternative forum. The trial court also may not dismiss simply because it determines that another forum is superior to that chosen by the plaintiff. We hold that Moussa failed to establish that the balance of private and public factors so strongly favors him that the trial court should have dismissed Sarieddine's suit. The trial court's dismissal constituted an abuse of discretion, and the cause may be reinstated on the trial court's docket. We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.