09-0317 In re Ensco Offshore International








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 09-0317
════════════
 
 
In re Ensco Offshore 
International Company, Ensco International Incorporated and Ensco Offshore 
Company, Individually and as Successor-In-Interest of Chiles Offshore, Inc., 
Relators
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER 
CURIAM
 
 
            
The plaintiff in this case filed suit in Dallas County against corporate 
owners of a drilling rig on which an Australian citizen employed by an 
Australian company was killed. At the time of the incident, the rig was in the 
territorial waters of Singapore, and the incident was investigated by 
Singaporean authorities. At issue in this mandamus proceeding is whether the 
trial court abused its discretion by failing to dismiss the case on forum non 
conveniens grounds. We hold that it did and 
conditionally grant relief.
            
Paul Merema was fatally injured while working 
aboard the ENSCO 104, a Liberian-flagged drilling rig docked at a shipyard 
facility in the territorial waters of Singapore. Paul was a citizen of Australia 
and was employed by Total Marine Services (TMS) of Western Australia. His 
employment contract with TMS was governed by the law of Western Australia. ENSCO 
Offshore International Inc. contracted with TMS for TMS to provide personnel for 
the drilling rig. The contract with TMS specified that the laws of Western 
Australia applied and all matters between the parties were to be referred to 
arbitration in Perth, Western Australia. Paul’s death was investigated by 
Singaporean authorities, including the Ministry of Manpower, the Police Coast 
Guard, the State Coroner, and the Ministry of Health. Singapore Test Services, 
located in Singapore, participated in analysis and testing of a valve assembly 
involved in the incident.
            
Paul’s wife, Margaret, filed suit in Western Australia against TMS. She 
then filed suit individually and on behalf of Paul’s estate (collectively, Merema) in Dallas County. In the Dallas suit, she named as 
defendants the owner of the ENSCO 104, ENSCO Offshore International Co., ENSCO 
Offshore Co., and its parent company, ENSCO International Inc. (collectively, 
ENSCO). All the defendants have corporate offices in Dallas. ENSCO filed a 
motion to dismiss for forum non conveniens, asserting 
that no claimed act of negligence occurred in Texas and requesting the trial 
court to dismiss the action in favor of the jurisdictions of Singapore or 
Australia. Merema responded that the negligent acts of 
ENSCO emanated from Dallas and that most of the statutory forum non conveniens factors supported keeping the suit in Texas. The 
trial court denied ENSCO’s motion.
            
The court of appeals denied mandamus relief. ___ S.W.3d 
___. ENSCO now seeks mandamus relief here, asserting the trial court 
abused its discretion because proper application of the forum non conveniens statute requires dismissal.
            
An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief 
is available, if it is otherwise warranted. In re Gen. 
Elec. Co., 271 S.W.3d 681, 685 (Tex. 2008). We review a trial court’s 
refusal to dismiss on forum non conveniens grounds for 
abuse of discretion. In re Pirelli Tire, L.L.C., 247 
S.W.3d 670, 679 (Tex. 2007).
            
Factors a trial court must consider when ruling on a motion to dismiss 
for forum non conveniens are specified by statute:
 
If a court 
of this state, on written motion of a party, finds that in the interest of 
justice and for the convenience of the parties a claim or action to which this 
section applies would be more properly heard in a forum outside this state, the 
court shall decline to exercise jurisdiction under the doctrine of forum non 
conveniens and shall stay or dismiss the claim or 
action. In determining whether to grant a motion to stay or dismiss an action 
under the doctrine of forum non conveniens, the court 
shall consider whether:
 
(1) an alternate forum exists in which the claim or action may be 
tried;
 
(2) the alternate forum provides an adequate remedy;
 
(3) maintenance of the claim or action in the courts of this 
state would work a substantial injustice to the moving party;
 
(4) the alternate forum, as a result of the submission of the 
parties or otherwise, can exercise jurisdiction over all the defendants properly 
joined to the plaintiff’s claim;
 
(5) the 
balance of the private interests of the parties and the public interest of the 
state predominate in favor of the claim or action being brought in an alternate 
forum, which shall include consideration of the extent to which an injury or 
death resulted from acts or omissions that occurred in this state; and
 
(6) the stay or dismissal would not result in unreasonable 
duplication or proliferation of litigation.
 
Tex. Civ. Prac. & Rem. 
Code § 71.051(b). The 
word “shall” in the statute “requires dismissal of the claim or action if the 
statutory factors weigh in favor of the claim or action being more properly 
heard in a forum outside Texas.” In re Gen. Elec., 271 
S.W.3d at 686. We will address the statutory factors in order.
            
ENSCO asserts that either Australia or Singapore provides an adequate 
forum as required by the first two factors. See Tex. Civ. Prac. & Rem. Code § 
71.051(b)(1)-(2). Merema does 
not claim that either of those forums is inadequate. Rather, she claims that 
ENSCO has not identified a single alternate forum and there is no single 
forum that provides a more practical venue than the one she chose. She claims 
ENSCO has amalgamated the forums of Singapore and Australia into one with 
statements such as “[m]ost of the key documents herein 
are located in Australia or Singapore,” which obscures the problems with trying 
the case in either forum.
            
An alternate forum is one where the defendant is amenable to process. 
In re Gen. Elec., 271 S.W.3d at 688 (citing Piper Aircraft Co. v. 
Reyno, 454 U.S. 235, 254 n.22 
(1981)). A forum is inadequate if the remedies it offers are so 
unsatisfactory they really comprise no remedy at all. Id. Merema does not disagree with ENSCO’s assertions that the 
defendants are amenable to process in either Singapore or Australia, nor does 
she dispute that each provides adequate remedies. Rather, she argues, in 
substance, that ENSCO should have explained the trial procedures of a particular 
location to demonstrate it was an adequate alternate forum. We disagree because 
such a showing is not necessary. Comparative analyses of 
procedures in different forums is not generally appropriate in forum non 
conveniens analysis: “Comparison of the ‘rights, 
remedies, and procedures’ available in each forum would require complex 
exercises in comparative law that the forum non conveniens doctrine is designed to help courts avoid.” Id. (quoting Piper Aircraft, 454 U.S. at 251). 
Comparative analyses are relevant to a court’s forum non conveniens decision only if a potential transfer would 
effectively result in no available remedy at all. See id. Merema does not contend that is the situation here.
            
Merema supports her position by citing to In 
re Air Crash at Taipei Taiwan Multidistrict Litig., 153 F. App’x 993 (9th 
Cir. 2005). There, the Ninth Circuit reversed a trial court’s dismissal of a 
case on forum non conveniens grounds because the trial 
court considered multiple alternate forums rather than comparing the chosen 
forum with a single alternative. Id. at 995-96. 
The citation is inapposite. Here, ENSCO separately detailed the causes of action 
and remedies available to Merema in both Singapore and 
Australia, listed the crew members of the ENSCO 104 at the time of the incident 
along with their nationalities, listed other potential witnesses and their 
locations, and noted the location of certain documentary and physical evidence. 
The common-law doctrine of forum non conveniens 
“presupposes at least two forums in which the defendant is amenable to 
process.” Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947) 
(emphasis added); see also Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int’l Ltd., 179 S.W.3d 639, 643 
(Tex. App.—El Paso 2005, pet. denied); Sarieddine v. Moussa, 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ 
denied). Nothing in Section 71.051 indicates the Legislature contemplated the 
denial of forum non conveniens motions because 
multiple adequate alternate forums existed, or that a defendant should be 
required to focus on only one alternate forum to the exclusion of other forums. 
See In re Pirelli, 247 S.W.3d at 677 (noting the 
presumption that the Legislature enacts statutes with awareness of existing law 
and presuming the Legislature was aware of the Gulf Oil test). The 
first two statutory factors weigh in favor of granting ENSCO’s motion.
            
The third factor under Section 71.051 is whether maintaining the claim in 
Texas would work a substantial injustice to the moving party. Tex. Civ. Prac. & Rem. Code § 
71.051(b)(3). ENSCO asserts that an analysis of the 
public and private interest factors demonstrates that maintaining the claim in 
Texas will cause it substantial injustice. ENSCO argues, and we agree, as 
discussed below, that the lack of compulsory process in Texas for reaching the 
great majority of witnesses would be substantially unjust. See In re Gen. 
Elec., 271 S.W.3d at 689-90. Next, ENSCO asserts a 
substantial injustice will result because it has a suit pending against TMS in 
Western Australia for indemnity under their contract.[1] ENSCO argues that TMS is not subject to 
the jurisdiction of the Texas trial court and, therefore, the Australian suit 
can neither be consolidated with this one nor can common issues be determined in 
Texas litigation. While it is possible that a defendant may seek indemnity or 
contribution from a foreign party after being found liable, it “would be far 
more convenient, however, to resolve all claims in one trial.” Piper Aircraft 
Co., 454 U.S. at 259. This factor weighs in favor of granting ENSCO’s 
motion.
            
The fourth statutory factor is whether the alternate forum can exercise 
jurisdiction over all the defendants. Tex. Civ. Prac. & Rem. Code § 
71.051(b)(4). All the defendants have agreed to submit 
to jurisdiction in either Singapore or Australia, and Merema does not argue that either forum could not exercise 
jurisdiction over all of them. This factor also weighs in ENSCO’s favor.
            
The fifth factor requires balancing public and private interest factors. 
Id. § 71.051(b)(5). A consideration in this 
balancing is the extent to which Paul’s death resulted from acts or omissions 
that occurred in Texas. Id. Private interest 
considerations include ease of access to proof, availability and cost of 
compulsory process, and other practical problems that make trial easy, 
expeditious, and inexpensive. In re Gen. Elec., 271 
S.W.3d at 691 (citing Gulf Oil, 330 U.S. at 508). ENSCO points out 
that in this case relevant documents and potential witnesses are located around 
the world. For example, the investigating officials and employees of the 
shipyard are in Singapore. Paul’s family, a psychologist who provided services 
after the incident, and TMS and its employees are located in Australia. The 
ENSCO 104 rig manager at the time of the incident is now in India. Of the 
twenty-nine men assigned to work on the ENSCO 104 at the time of the incident, 
twenty-one were TMS employees and all but two of the men on duty at the time of 
the incident were citizens of Australia or New Zealand, as were three of the 
four men who witnessed the incident. Merema argues 
that nine of the twenty-nine men assigned to the ENSCO 104 were United States 
citizens, including four Texas residents. However, the actual locations of most 
of those men were unknown. Only two were still employed by ENSCO. The last known 
address for one was in Mississippi. Even if some witnesses are located in the 
United States, the fact remains that compulsory process is unavailable for the 
vast majority of witnesses. See Tex. R. Civ. P. 176.3. Similarly, 
although Merema asserts that copies of documents 
located in Australia and Singapore can be shipped or sent by email, that fact 
does not cure the problems and difficulties posed by the lack of compulsory 
process to secure production of the documents and other evidence. In re Gen. Elec., 271 S.W.3d at 691.
            
Aside from the fact that compulsory process is unavailable to compel the 
majority of witnesses to appear in Dallas County or to require production of 
documents, the practical problems that make trial easy, expeditious, and 
inexpensive must be considered. Id. (citing Gulf 
Oil, 330 U.S. at 508). The physical evidence is in storage in 
Singapore and onboard the ENSCO 104, which was operating off the shores of 
Malaysia when the trial court rendered its decision and off the shores of 
Australia when ENSCO filed its brief. This evidence is under ENSCO’s control, 
but ENSCO presented evidence that the cost of airfare from Singapore or 
Australia to Dallas was approximately five times the cost of airfare between 
Australia and Singapore. Travel time between Australia and Singapore was five 
hours compared to over twenty hours for travel between Australia or Singapore 
and Dallas. Merema argues that because witnesses are 
scattered around the globe, there will be inconvenience no matter where the suit 
is tried, and that is true. But clearly the great majority of witnesses and most 
of the evidence remain in Australia and Singapore. The cost, time, and 
scheduling difficulties to obtain evidence and present witness testimony would 
be far greater if the case were tried in Texas.
            
Another consideration in the fifth factor is the extent to which Paul’s 
death resulted from acts or omissions that occurred in this state. Tex. Civ. Prac. & Rem. Code § 
71.051(b)(5). Merema asserts 
that she need not prove that Paul’s death resulted from acts or omissions 
occurring in Texas by a preponderance of the evidence, 
but that she need only make a prima facie showing that it did so. She claims her 
burden was fulfilled by evidence that actions and inactions of ENSCO corporate 
management led in part to Paul’s death. Merema relies 
on a statement in a report produced by TMS entitled “Human Factors Investigation 
into the fatality that occurred on board the jack-up rig ENSCO 104 on 23 
April 2005.”[2] Under the “Findings” section was a 
subsection entitled “Personal and Team Safety” that stated,
 
[S]afety—on an individual and work team level—was taken very 
seriously and professionally by personnel working on the rig. . . . Several 
persons commented that if safety system practices were not been [sic] performed 
on board, failure to comply with them was ultimately because of a lack of 
commitment from senior rig management and, possibly, ENSCO shore management. 
Several persons suggested that commercial imperative was perceived to be 
interfering with safety management.
 
            
We disagree with Merema’s premise as to her 
burden of proof. The forum non conveniens statute does 
not place the burden of proof on either party. To the extent evidence is 
necessary to support a party’s position, the trial 
court must base its decision on the greater weight of the evidence. See In re 
Gen. Elec., 271 S.W.3d at 687. Here, Merema has not identified any corporate policy linked to 
Paul’s death, and the report on which she relies states that if safety 
practices were not being performed, failure to comply was possibly due to 
a lack of commitment from ENSCO shore management. ENSCO presented uncontroverted 
evidence that persons addressed by the report—rig management and shore 
management—were employed by a separate corporation located in Singapore and 
land-based personnel were based in Singapore and Australia. Accordingly, the 
report is no evidence that Paul’s death resulted from an act or omission that 
occurred in Texas.
            
The public interest factors to consider in determining the fifth factor 
include administrative difficulties related to court congestion, imposition of 
jury duty on citizens who have no relation to the litigation, local interest in 
having localized controversies decided at home, and trying the case in a forum 
that is at home with the law that governs the case. Id. 
at 691. Merema asserts that because this case 
involves the actions of Texas parties, the people of Texas have an interest in 
resolution of the issues. But as previously noted, Merema did not offer evidence that the ENSCO defendants’ 
actions or omissions in Texas contributed to Paul’s death. Nor did she identify 
any other Texans who have an interest in the case. The case involves an injury 
that happened in Singapore’s territorial waters on a Liberian-flagged vessel to 
an Australian citizen employed by an Australian company. As we said in In re Pirelli Tire, “[I]t is fundamentally 
unfair to burden the people of Texas with the cost of providing courts to hear 
cases that have no significant connection with the State.” 247 
S.W.3d at 676. Further, the fact that the trial court has jurisdiction 
over the defendants because their offices are in Dallas is a separate issue from 
whether the case should be dismissed on forum non conveniens grounds. Id. at 
675.
            
Another consideration in determining the fifth statutory factor is 
whether Texas law will govern the case. In re Gen. 
Elec., 271 S.W.3d at 691. ENSCO and Merema 
disagree regarding what law will govern. ENSCO asserts that Merema’s claims are governed by the law of Australia or 
Singapore because those forums have the most significant relationship to the 
underlying incident. See Hughes v. Wood Prods., Inc. 
v. Wagner, 18 S.W.3d 202, 205 (Tex. 2002). Merema 
counters that if the suit is maintained in Texas, the trial court will apply 
Texas law or the federal Death on the High Seas Act. See 46 U.S.C. § 
30301. But Merema does not explain why Texas law would 
apply. The applicable law is determined in Texas by the Restatement’s “most 
significant relationship” test. Hughes, 18 S.W.3d at 205 (Tex. 2000) 
(citing Restatement (Second) of Conflict 
of Laws §§ 6, 145 (1971)). The factors to consider in determining the 
applicable law for a tort case such as this are (1) the place where the injury 
occurred; (2) the place where the conduct causing the injury occurred; (3) the 
residence, nationality, and place of business of the parties; and (4) the place 
where the relationship, if any, between the parties is centered. Id. at 
205 n.1 (citing Restatement (Second) of 
Conflict of Laws § 145(2) (1971)); see also Tex. Civ. Prac. & Rem. 
Code § 71.031(c) (providing that in an action 
for the death caused by actions outside the state, the court shall apply the 
rules of substantive law that are “appropriate under the facts of the 
case”). There is evidence of only one of these factors that 
points to Texas: the residence, nationality, and place 
of business of ENSCO. And if Merema’s claim falls 
under the federal Death on the High Seas Act, a similar analysis applicable to 
maritime cases is required to determine whether foreign law applies. Hellenic Lines, Ltd. v. Rhoditis, 
398 U.S. 306, 307-10 (1970); Vaz Borralho v. Keydril Co., 696 
F.2d 379, 384 n.6 (5th Cir. 1983). Even assuming Texas law applies, 
however, all other public interest factors favor dismissal of the case. See 
Piper Aircraft Co., 454 U.S. at 260. We conclude that the fifth statutory 
factor weighs in favor of granting ENSCO’s motion.
            
We next consider the sixth factor: whether dismissal of this suit would 
result in unreasonable duplication or proliferation of litigation. Tex. Civ. Prac. & Rem. Code § 
71.051(b)(6). Merema does not 
argue that dismissal of this case will have such a result. And as ENSCO points 
out, if this case is dismissed, it may result in consolidation of this claim 
with other claims already filed in Australia, thus reducing the amount of 
litigation. This last factor also weighs in ENSCO’s favor.
            
The trial court stated at the forum non conveniens hearing “[w]hile I do 
think all the factors weigh in favor of a different forum probably in Australia, 
I don’t think that they weigh so heavily that I’ve got to dismiss this case.” 
Merema asserts, citing several cases, that the trial court did not abuse its discretion 
because the trial court correctly found that it should only disturb a 
plaintiff’s choice of forum if the balance of factors strongly favors the 
defendant, which they do not. See Sarieddine, 
820 S.W.2d at 844 (“The doctrine of forum non conveniens should be exercised only in those cases where the 
balance of factors so strongly favors the defendant that, in the interest of 
justice, the case should be tried in another forum.”); see also Signature 
Mgmt. Team, LLC v. Quixtar, Inc., 281 S.W.3d 666, 675 (Tex. App.—Dallas 
2009, pet. filed) (“Quixtar’s burden was to show that the Gulf Oil 
factors in their totality strongly favor dismissal.”); Adams v. ESC Med. 
Sys., Inc., 161 S.W.3d 49, 50 (Tex. App.—Houston [14th Dist.] 2004, no pet.) 
(“Unless the balance of factors strongly favors the defendant, the plaintiff’s 
choice of forum should rarely be disturbed.”). We disagree. The cases relied on 
by Merema were decided on common-law forum non conveniens grounds. The forum non conveniens statute does not contain similar requirements. 
See Tex. Civ. Prac. & Rem. Code § 
71.051. “The Legislature . . . by use of the word ‘shall,’ 
requires dismissal of the claim or action if the statutory factors weigh in 
favor of the claim or action being more properly heard in a forum outside 
Texas.” In re Gen. Elec., 271 S.W.3d at 686. The 
statute’s language simply does not require that the Section 71.051(b) factors 
“strongly” favor staying or dismissing the suit. Here, all the factors weigh in 
favor of Merema’s claim being heard in a forum outside 
Texas, and the statute required that the trial court grant the motion and 
decline to exercise jurisdiction.[3]
            
We conclude that the trial court’s denial of ENSCO’s motion to dismiss 
the suit on forum non conveniens grounds was an abuse 
of discretion. Accordingly, we conditionally grant the petition for writ of 
mandamus. The trial court is directed to grant ENSCO’s motion and dismiss the 
case. The writ will issue only if the trial court fails to do so.
 
OPINION 
DELIVERED: May 7, 2010







[1] 
The suit also involves a claim by ENSCO for 
insurance coverage.

[2] 
ENSCO objected that the report is unauthenticated, 
but it did not obtain a ruling on the objection. See Tex. R. App. P. 33.1(a)(2).

[3] 
We do not address whether the statute requires 
dismissing or staying the suit if the evidence proves only that some, as opposed 
to all, the Section 71.051(b) factors weigh in favor of the trial court’s 
declining to exercise jurisdiction.