**REVERSE and REMAND and Opinion Filed June 30, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00515-CV

## MOHAMMAD ASHRAT, Appellant
## V.
## TARIQ M. CHOUDHRY, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07249**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Mohammad Ashrat appeals the trial court's order dismissing his claims against his brother, Tariq M. Choudhry. In two issues, Ashrat contends the trial court erred in concluding his suit should be dismissed based on either lack of jurisdiction or *forum non conveniens*. For the reasons that follow, we reverse the trial court's order and remand the cause for further proceedings.

## Background

According to Ashrat's live petition, he and his brother entered into an oral agreement in 1997 for the purchase of land in Pakistan. Ashrat asserted he gave Choudhry over $186,000 to purchase the land and supervise construction of a house.

Choudhry was to manage the property until Ashrat retired, at which point Choudhry was to turn the property over to Ashrat.

In 1999, Choudhry signed a Pakistani document entitled "Undertaking." Choudhry's signature indicated he was signing the document as "Deponent." In the Undertaking, Choudhry stated he was the "temporary owner" of the property at issue and Ashrat was the "actual owner." Choudhry further stated he would transfer and surrender the property to Ashrat whenever Ashrat demanded.

In 2018, Ashrat met a man from Houston, Texas who informed him that he had been renting the upstairs portion of the property in Pakistan from Choudhry. Ashrat later learned that Choudhry had been leasing the upper floor to various tenants since 2003 and had received rental income totaling over $185,000. When Ashrat confronted Choudhry about the rental income, Choudhry claimed he was the exclusive owner of the house.

Ashrat filed this suit asserting claims for breach of contract, money had and received, unjust enrichment, misappropriation, and breach of fiduciary duty. Ashrat also requested a declaratory judgment that there was "an enforceable contract and a fiduciary obligation to account for [Ashrat's] money that Choudhry took and used pursuant to [their] Agreement." Choudhry responded with a general denial and asserted affirmative defenses including the statute of frauds, statute of limitations, and laches.

Choudhry then filed a motion to dismiss Ashrat's suit based on lack of jurisdiction and *forum non conveniens*. Choudhry contended the court lacked subject matter jurisdiction over Ashrat's claims because all the causes of action asserted arose out of a real property dispute in a foreign country. Choudhry argued the claims required a determination of title to the property and a Texas court had no authority to determine title to Pakistani realty. In the alternative, Choudhry contended that Pakistan was the more appropriate forum to hear the case and the suit should be dismissed under the doctrine of *forum non conveniens*.

In response to Choudhry's motion, Ashrat argued his claims did not raise a title issue because he sought to recover only monetary damages caused by Choudhry's breach of their agreement. With respect to *forum non conveniens*, Ashrat noted that both he and Choudhry were U.S. citizens and residents of Texas, the agreement at issue was made in Dallas County, and all witnesses who would testify about the existence and substance of the agreement resided in Texas. Following a hearing, the trial court denied Choudhry's motion to dismiss.

A little more than one year later, Choudhry filed a supplemental motion to dismiss based on the fact that Ashrat had filed suit in Pakistan seeking to gain possession of the property. Choudhry argued that, for the reasons set forth in his original motion, and "in light of [Ashrat's] election to seek relief in Pakistan," the suit should be dismissed. The trial court granted Choudhry's supplemental motion without specifying the ground on which the order was based, and dismissed Ashrat's

claims without prejudice to refiling. No findings of fact or conclusions of law were made or requested. Ashrat then brought this appeal.

**Analysis**

## I. Subject Matter Jurisdiction

In his first issue, Ashrat contends the trial court erred in dismissing his claims for lack of subject matter jurisdiction because the relief sought in this case does not include title to the subject property, but only monetary damages arising from breach of the 1997 oral agreement. Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). The purpose of a plea to the jurisdiction is to defeat a cause of action regardless of whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). If a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.*

Texas courts lack subject matter jurisdiction to adjudicate title to interests in real property located outside of Texas. *Fox v. Fox*, No. 14-18-00672-CV, 2020 WL 1265366, at *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2020, no pet.). Whether a lawsuit involves title to an interest in property depends on the extent to which "resolution of issues specific to the land" are involved. *Id.* If ownership of non-

–4–

Texas property interests is more than merely incidental or collateral to the claims, then the court lacks jurisdiction. *Id*. If there is no real dispute between the parties over the question of title, however, even if the right of recovery depends, at least in part, upon title to the land, the question of title is incidental. *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 648 (Tex. App.—Austin 2008, no pet.). In determining whether the plaintiff's claims involve adjudication of a title issue, we are not limited to the plaintiff's framing of the causes of action. *Id*. at 647. If the "gist" of the cause of action is an adjudication of title to property outside of Texas, the court does not have jurisdiction. *See id*.

In this case, Ashrat does not dispute that Choudhry has title to the property in Pakistan. And, by this suit, Ashrat does not seek to divest Choudhry of that title. Instead, Ashrat seeks return of the money he gave Choudhry to purchase the property and disgorgement of any monies received by Choudhry as a result of his misuse of Ashrat's funds.[1]

Choudhry argues the real nature of this suit is to enforce the Undertaking, which would require a determination of whether title should be transferred to Ashrat. But, in this case, Ashrat relies on the Undertaking only as evidence of Choudhry's agreement to use the money Ashrat gave him for Ashrat's benefit. Because the issue

---

[1] To the extent Choudhry relies upon defenses or his affirmative defenses to Ashrat's claims as a basis to sustain the trial court's dismissal order, we reiterate that a plea to the jurisdiction is determined without regard to the merits of the case. *See Bland*, 34 S.W.3d at 554.

of title to the Pakistani property is merely collateral to Ashrat's suit seeking to recover the money he gave Choudhry and any incidental damages arising from Choudhry's use of that money, we conclude the trial court has subject matter jurisdiction in this case. *See id.* at 648.

## II. *Forum Non Conveniens*

In his second issue, Ashrat contends the trial court erred in dismissing this suit on the basis of *forum non conveniens*. In determining whether to dismiss a case under the doctrine of *forum non conveniens*, the trial court must weigh the private interests of the litigants and various "public factors." *Sarieddine v. Moussa*, 820 S.W.2d 837, 839-40 (Tex. App.—Dallas 1991, writ denied).[2] The litigants' private interests include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance from willing witnesses. *Id*. at 840. The public factors to be considered are the burden imposed upon citizens of the state, the burden on the trial court, and the generalized interest in having localized controversies decided in the jurisdiction in which they arose. *Id*. Another consideration is whether a judgment obtained in this jurisdiction will be enforceable. *Id*.

---

[2] In his brief on appeal, Choudhry argues the trial court's determination of this issue is governed by section 71.051 of the Texas Civil Practice and Remedies Code. The *forum non conveniens* provision of the civil practice and remedies code applies only to cases involving personal injury or death. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(i); *Alvarez Gottwald v. Domingo de Cano*, 568 S.W.3d 241, 246 (Tex. App.—El Paso 2019, no pet.). Because this case does not involve either personal injury or death, the common law doctrine of *forum non conveniens* applies. *Alvarez*, 568 S.W.3d at 247.

The defendant moving for dismissal based on *forum non conveniens* bears the burden on all elements. *Festor v. Wolf*, 647 F.Supp.2d 750, 754 (W.D. Tex. 2009). The burden of opposing the plaintiff's chosen forum has been described by the Texas Supreme Court as a "heavy" one. *Quixtar Inc. v. Signature Mgmt. Team LLC*, 315 S.W.3d 28, 31 (Tex. 2010). The defendant must provide enough information to enable the court to balance the competing interests. *Festor*, 647 F. Supp. at 754. Ordinarily a strong favorable presumption is applied to the plaintiff's choice of forum and, unless the balance weighs strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id*.

We review the trial court's decision for an abuse of discretion. *Quixtar,* 315 S.W.3d at 31. In the absence of findings of fact and conclusions of law, we imply that the trial court found all facts necessary to support its decision so long as those facts are also supported by the evidence. *Lumenta v. Bell Helicopter Textron, Inc.*, No. 01-14-00207-CV, 2015 WL 5076299, at *4 (Tex. App. Aug. 27, 2015) (mem. op.). A trial court abuses its discretion by dismissing a case based on *forum non conveniens* where the defendant has clearly failed to establish the balance of factors so strongly favors him that the suit should be tried in another forum. *See Sariddine*, 820 S.W.2d at 844.

In his motion to dismiss, Choudhry focused exclusively on his characterization of Ashrat's suit as seeking title to the Pakistani property. Based on this characterization, Choudhry argued that Pakistan was the more appropriate forum

because the house was located in Pakistan, all documents concerning ownership of the property were located in Pakistan, the Undertaking was a Pakistani document, the agreement was to be performed in Pakistan, Pakistan had an interest in adjudicating rights to property located there, and Pakistani law would control the disposition of the case. The only evidence Choudhry submitted was his own affidavit in which he stated he agreed to be sued in Pakistan. Although not offered or admitted into evidence, Choudhry also referenced in his supplemental motion to dismiss a request for admission in which he asked Ashrat to "[a]dmit or deny that [he] filed suit in Pakistan Court to obtain ownership of the Property." Ashrat responded with a denial, and stated he was only seeking possession of the property in that suit.

As discussed above, this suit does not concern a dispute over title to the Pakistani property. Ashrat's claims concern breach of an agreement made in Texas between two Texas residents. In response to the motion to dismiss, Ashrat submitted evidence, including Choudhry's voter and vehicle registrations, demonstrating that Choudhry was a resident of Dallas County. Ashrat further testified by affidavit that his alleged agreement with Choudhry was made in Irving, Texas and all witnesses to the agreement resided in that area. The money Ashrat gave Choudhry pursuant to the agreement was transferred from a Dallas bank account. Texas courts clearly have an interest in resolving a dispute between its citizens regarding an alleged agreement made within the State and claims of misappropriation and breach of

–8–

fiduciary duty based upon that alleged agreement. *See Barker v. Lescroart,* No. 14-06-00125-CV, 2007 WL 445282, at *6 (Tex. App.—Houston [14th Dist.] Feb. 13, 2007, no pet.) ("Texas courts have an interest in providing a forum for resolving disputes involving its citizens."). Choudhry failed to provide any argument or evidence to support his assertion that Pakistan was a more appropriate forum to resolve Ashrat's claims for money damages.

We resolve both of Ashrat's issues in his favor. We reverse the trial court's order dismissing Ashrat's claims and remand the cause for further proceedings.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200515F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MOHAMMAD ASHRAT, Appellant

No. 05-20-00515-CV     V.

TARIQ M. CHOUDHRY, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-07249. Opinion delivered by Justice Reichek. Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing appellant MOHAMMAD ASHRAT's claims is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant MOHAMMAD ASHRAT recover his costs of this appeal from appellee TARIQ M. CHOUDHRY.

Judgment entered June 30, 2021