IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-1129
════════════
 
In re Pirelli Tire, L.L.C., 
Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued November 
29, 2005
 
Justice O’Neill announced the Court’s 
disposition and delivered an opinion joined by Justice Hecht, Justice Brister, and 
Justice Medina.
 
Justice Willett delivered a concurring 
opinion joined as to Part I by Justice 
Wainwright.
 
Justice Johnson delivered a dissenting 
opinion joined by Chief Justice 
Jefferson.
 
Justice Green did not participate in the 
decision.
 
In this case, 
we consider the limits of a trial court’s broad discretion when deciding whether 
to dismiss on forum-non-conveniens grounds an action brought by a claimant who 
is not a legal resident of the United States. We conclude that, 
though by its terms the forum-non-conveniens statute 
is permissive, the deference it affords trial courts is not without bounds. As 
with other discretionary rulings, a trial court abuses its discretion if its 
forum-non-conveniens ruling is arbitrary, 
unreasonable, and without reference to guiding principles. In this case, absent 
any significant connection between the incident and the Texas forum, and 
considering the private and public interests involved, we hold that the trial 
court clearly abused its discretion in denying the defendant’s motion to dismiss 
based on forum non conveniens.
I. Background
            
Valentin Hernandez Aran and Juan Benitez Mendoza, both Mexican citizens, were 
transporting a heavy load of seafood in a fourteen-year-old GMC pickup on a 
Mexican highway when the truck rolled over, killing Aran. The accident report filed by the Mexican police 
indicates that Aran was driving, but in light of 
evidence indicating Aran did not know how to drive the 
parties speculate that Mendoza, who was not present when the police arrived, may 
have been driving the truck when it rolled over and subsequently fled the scene. 
According to the report, the truck was speeding on a level two-lane road when 
the right rear tire failed and the truck rolled over.
            
R. Garza Motors of Brownsville, Texas, purchased the truck two years 
before the accident at an auction in Arkansas. Eleven days after the purchase, 
Garza Motors in Cameron County sold the truck to a Mexican citizen, who 
imported it into Mexico the same day. The truck was 
used, maintained, and serviced in Mexico from the time it was sold by 
Garza Motors until the date of the accident. The tire which allegedly failed was 
manufactured by Pirelli Tire in Des 
Moines, Iowa, in March 
1994. Pirelli is incorporated in Delaware, and 
its principal place of business is Georgia.
            
In March 2003, Aran’s wife, Maria Magdalena 
Meza Aran, his son, Damian Hernandez Meza, and later 
his mother, Felipa Aran 
Limas (collectively “the Arans”), all citizens of 
Mexico, sued Pirelli in Cameron County. They alleged that Pirelli negligently 
designed and manufactured the tire, and also asserted strict liability claims.[1] Less than a month later, Pirelli filed 
its Original Answer, as well as a Motion to Dismiss on Grounds of Forum Non 
Conveniens. In March 2004, Pirelli filed an expanded 
Motion to Dismiss on Grounds of Forum Non Conveniens 
and a Motion to Apply the Law of Mexico. The trial court denied Pirelli’s 
motions, and the court of appeals denied mandamus relief. We granted oral 
argument on Pirelli’s Petition for Writ of Mandamus to consider the parameters 
of the trial court’s discretion in deciding the dismissal motion.
II. Timeliness of Pirelli’s Motion
            
As a threshold matter, the Arans contend the 
trial court did not abuse its discretion in denying the motion to dismiss 
because Pirelli’s motion was untimely under subsection (d) of the 
forum-non-conveniens statute, section 71.051 of the 
Texas Civil Practice and Remedies Code,[2] enacted by Act of May 29, 1997, 
75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 
1680, 1680. Under that provision, a request for a stay or dismissal on 
forum-non-conveniens grounds must be filed within 180 
days of the time for filing a motion to transfer venue. The Arans acknowledge that Pirelli filed a motion to dismiss 
concurrently with its answer, but they maintain that motion was inadequate 
because it consisted of only three paragraphs and contemplated that Pirelli 
would later file a supplemental brief more fully explaining Pirelli’s 
contentions. In contesting the timeliness of Pirelli’s motion, the Arans focus solely on the expanded motion to dismiss that 
Pirelli filed in February 2004, well after the time allowed under section 
71.051(d) had expired.
            
We disagree that Pirelli’s motion to dismiss was untimely. It is 
undisputed that Pirelli apprised the trial court of its 
claim that Cameron 
County was an inappropriate 
forum within the time allowed under section 71.051(d). Pirelli’s original 
dismissal motion contended Cameron 
County had no connection with the 
accident, Mexico was a more appropriate forum, 
Mexican law provided the Arans an adequate remedy, and 
the balance of public and private interests weighed in favor of dismissal. 
Pirelli’s second motion merely expanded on those contentions and identified 
specific events and circumstances supporting them. That Pirelli later 
supplemented its initial argument is entirely consistent with section 71.051(d), 
which allows a trial court to rule on a forum-non-conveniens motion only after a hearing with at least 
twenty-one days’ notice to the parties. The statute further requires the court 
to provide the parties “ample opportunity” to obtain discovery relevant to the 
motion prior to the hearing. Thus, the statute contemplates that a motion may be 
filed and then supplemented in light of discovery. Pirelli’s motion was not 
untimely.
III. The Forum-Non-Conveniens 
Statute
A. Trial Court Discretion
            
Section 71.051 of the Civil Practice and Remedies Code governs motions to 
dismiss based on forum non conveniens. Subsection (a) 
governs suits, like this one, brought by claimants who are not legal residents 
of the United 
States. It provides:
 
With 
respect to a plaintiff who is not a legal resident of the United States, if a 
court of this state, on written motion of a party, finds that in the interest of 
justice a claim or action to which this section applies would be more properly 
heard in a forum outside this state, the court may decline to exercise 
jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the claim or action in 
whole or in part on any conditions that may be just.
 
Tex. Civ. Prac. & Rem. 
Code § 
71.051(a).         

            
Pirelli contends a trial court’s discretion to dismiss on forum-non-conveniens grounds “in the interest of justice” is not 
unfettered. Citing our decision in In re 
Smith Barney, 975 S.W.2d 593, 598 (Tex. 
1998), Pirelli argues dismissal is warranted when an action has no significant 
connection with Texas. Pirelli further contends that the 
factors listed in section 71.051(b) of the forum-non-conveniens statute, which apply to cases brought by 
claimants who are legal residents of the United States, 
should guide a court in determining whether a case will be dismissed under 
subsection (a). Those factors are whether:
 
(1) an alternate forum exists in which the claim or action may be 
tried;
 
(2) the alternate forum provides an adequate remedy;
 
(3) maintenance of the claim or action in the courts of this 
state would work a substantial injustice to the moving party;
 
(4) the alternate forum, as a result of the submission of the 
parties or otherwise, can exercise jurisdiction over all the defendants properly 
joined to the plaintiff's claim; 
 
(5) the 
balance of the private interests of the parties and the public interest of the 
state predominate in favor of the claim or action being brought in an alternate 
forum; and 
 
(6) the stay or dismissal would not result in unreasonable 
duplication or proliferation of litigation.
 
 
Tex. Civ. Prac. & Rem. 
Code § 71.051(b).[3]
            
The Arans, on the other hand, contend section 
71.051(a) confers virtually unlimited discretion on the trial court to decide 
whether a motion to dismiss should be granted on forum-non-conveniens grounds because the trial court’s authority is 
described in permissive terms. According to the Arans, 
a reviewing court may reverse a decision denying a motion to dismiss under 
section 71.051(a) only if the underlying suit has no connection with the forum 
whatsoever. Because the truck involved in this case was in Texas for eleven days and 
was sold here, the Arans contend, we have no choice 
but to sustain the trial court’s decision. We disagree.
            
While application of the forum-non-conveniens 
doctrine is now codified in Texas, the doctrine has deep roots in the 
common law. As in section 71.051(a), the common-law doctrine permitted a court 
possessing jurisdiction over a dispute to decline to exercise it when, “‘for the 
convenience of the litigants and witnesses and in the interest of justice, the 
action should be instituted in another forum.’” Exxon Corp. v. Choo, 881 S.W.2d 301, 302 n.2 (Tex. 1994) (quoting Sarieddine v. Moussa, 820 S.W.2d 837, 839-40 (Tex. App.—Dallas 1991, 
writ denied)). The doctrine of forum non conveniens 
has always afforded great deference to the plaintiff’s forum choice. Flaiz v. Moore, 359 S.W.2d 872, 874 
(Tex. 1962) (citing Gulf Oil Corp. v. 
Gilbert, 330 U.S. 501, 508 (1947)). But the 
doctrine also recognizes that the plaintiff’s choice must sometimes yield in the 
public interest, and in the interest of fundamental fairness. Id. Further, 
forum-non-conveniens doctrine generally affords 
substantially less deference to a nonresident’s forum choice. Piper Aircraft 
Co. v. Reyno, 454 U.S. 235, 255-56 (1981); see Owens Corning v. 
Carter, 997 S.W.2d 560, 570 (Tex. 1999). The doctrine comes into play when 
there are sufficient contacts between the defendant and the forum state to 
confer personal jurisdiction upon the trial court, but the case itself has no 
significant connection to the forum. See Gulf Oil, 330 U.S. at 506. We 
have recognized that “[i]t is fundamentally unfair to 
burden the people of Texas with the cost of providing courts to hear cases that 
have no significant connection with the State.” In re Smith 
Barney, 975 S.W.2d at 598. Moreover, while forum-non-conveniens questions differ from due-process inquiries, 
see Metro, Life Ins. Co. v. Robertson-Ceco 
Corp., 84 F.3d 560, 575 (2d Cir. 1996), the doctrine touches on similar 
issues of fundamental fairness, protecting defendants from being forced to 
litigate in oppressive and vexatious circumstances. See 
Flaiz, 359 S.W.2d at 874 (citing Gulf Oil, 
330 U.S. at 508).
            
It is true, as the Arans contend, that trial courts possess broad discretion in 
deciding whether to dismiss a case on forum-non-conveniens grounds. Id. But, as with other discretionary 
decisions, a trial court’s forum-non-conveniens ruling 
is subject to review for clear abuse of discretion. See In re Smith 
Barney, 975 S.W.2d at 596. “A trial court abuses 
its discretion if its decision ‘is arbitrary, unreasonable, and without 
reference to guiding principles.’” Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997) (quoting Mercedes-Benz Credit 
Corp. v. Rhyne, 925 S.W.2d 
664, 666 (Tex. 
1996)). And we have granted mandamus relief from orders issued under grants of 
authority couched in permissive terms comparable to section 71.051(a) when trial 
courts failed to adhere to guiding principles. For example, in In re Van Waters & Rogers, Inc., 145 
S.W.3d 203, 206 (Tex. 2004), we granted mandamus relief from a trial court order 
consolidating twenty cases for trial in a mass tort case. Under Rule 174 of the 
Texas Rules of Civil Procedure, trial courts exercise broad discretion in 
determining whether cases should be consolidated. When cases involve a common 
question of law or fact, a court “may order a joint hearing or trial of any or 
all the matters in issue,” “may order all the actions consolidated,” and “may 
make such orders . . . as may tend to avoid unnecessary costs or delay.” Tex. R. Civ. P. 174(a). Despite Rule 174’s 
permissive language, we concluded that mandamus relief was warranted in In re Van Waters because the trial court’s 
consolidation order did not comport with the principles we have articulated that 
must guide a court’s exercise of discretion under the rule. 145 S.W.2d at 210-11.
            
We identified the principles that guide application of the 
forum-non-conveniens doctrine long ago, when we 
embraced the analytical framework the United States Supreme Court articulated in 
Gulf Oil. Flaiz, 359 S.W.2d at 874 
(citing Gulf Oil, 330 U.S. at 508). While the Gulf 
Oil test cannot be applied formulaically, the factors
 
to be considered are not difficult to name. An interest to be 
considered, and the one likely to be most pressed, is the private interest of 
the litigant. Important considerations are the relative ease of access to 
sources of proof; availability of compulsory process for attendance of 
unwilling, and the cost of obtaining attendance of willing, witnesses; 
possibility of view of premises, if view would be appropriate to the action; and 
all other practical problems that make trial of a case easy, expeditious and 
inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court 
will weigh relative advantages and obstacles to fair trial. It is often said 
that the plaintiff may not, by choice of an inconvenient forum, ‘vex,’ ‘harass,’ 
or ‘oppress’ the defendant by inflicting upon him expense or trouble not 
necessary to his own right to pursue his remedy . . . .
 
Factors of 
public interest also have place in applying the doctrine. Administrative 
difficulties follow for courts when litigation is piled up in congested centers 
instead of being handled at its origin. Jury duty is a burden that ought not to 
be imposed upon the people of a community which has no relation to the 
litigation. In cases which touch the affairs of many persons, there is reason 
for holding the trial in their view and reach rather than in remote parts of the 
country where they can learn of it by report only. There is a local interest in 
having localized controversies decided at home. There is an 
appropriateness, too, in having the trial of a diversity case in a forum 
that is at home with the state law that must govern the case, rather than having 
a court in some other forum untangle problems in conflict of laws, and in law 
foreign to itself.
 
 
Gulf 
Oil, 330 U.S. at 508.
            
There is obviously much overlap between the Gulf Oil factors and 
those contained in section 71.051(b) of the Civil Practice and Remedies Code. 
But that the Legislature chose to incorporate into section 71.051(b) some of the 
specific concepts articulated in Gulf Oil does 
not mean that the Gulf Oil considerations have no application and may be 
entirely disregarded when deciding under section 71.051(a) whether “in the 
interest of justice” another forum would be more appropriate. To the contrary, 
the Gulf Oil test has guided courts for decades in determining whether a 
case should be dismissed on forum-non-conveniens 
grounds. And, because “‘[a]ll statutes are presumed to 
be enacted by the [L]egislature with full knowledge of 
the existing condition of the law and with reference to it,’” we presume that 
the Legislature was aware of the test when it empowered courts to dismiss noncitizen suits in the interest of justice. Am. 
Transitional Care Ctrs. of Texas, Inc. v. 
Palacios, 46 S.W.3d 873, 878 (Tex. 2001) 
(quoting McBride v. Clayton, 166 S.W.2d 125, 128 (Tex. 1943)).[4]
B. The Gulf Oil Factors
1. Adequate Alternative Forum
            
The Gulf Oil factors presuppose that an adequate alternative forum 
would have jurisdiction over the case. Gulf Oil, 330 U.S. at 507. 
Pirelli maintains that Mexico 
provides an adequate alternative forum because Pirelli has stipulated that it 
will submit to personal jurisdiction in Mexico and will not assert any 
statute-of-limitations defense based on time that has elapsed since the 
Texas lawsuit 
was filed. The Arans respond that Pirelli has failed 
to establish that a Mexican forum is available, pointing to their expert’s 
testimony that a law in the state of Tamaulipas, the 
alternative forum for the Arans’ suit, “poses a 
formidable obstacle” to an agreement renouncing prescriptive rights that have 
not yet accrued. We note that the Arans nowhere state 
that prescriptive rights have not yet accrued; if they have not, then 
limitations would not appear to be an obstacle to the Mexican forum in the first 
place. But in any event, the contingency that a Mexican court might not accept 
Pirelli’s waiver does not overcome the important public and private interests 
supporting dismissal that inhere in this case, particularly when the statute 
authorizes the court to condition a dismissal order on the alternative forum’s 
acceptance of jurisdiction. Tex. Civ. 
Prac. & Rem. Code § 
71.051(a). The federal courts commonly include such “return 
jurisdiction” clauses in forum-non-conveniens 
dismissal orders. See, e.g., Vasquez v. Bridgestone/Firestone, 
Inc., 325 F.3d 665, 681 (5th Cir. 2003) (directing district court to modify 
dismissal order to include return-jurisdiction clause).
            
The Arans also contend dismissal is 
inappropriate here because, even if available, the Mexican forum is inadequate 
in a number of respects. Although they acknowledge that Mexico provides 
a cause of action akin to negligence, the Arans 
contend a Mexican forum is inadequate because it does not afford a cause of 
action for strict liability. The Arans contest the 
Mexican forum’s adequacy on the additional grounds that its legal system does 
not provide for a jury, no “American-style” discovery is available, and a 
Mexican court could not compel the authentication of documents in the 
United 
States. The Arans 
further contend Mexican law does not provide for survival damages and severely 
restricts damages for death.
            
Presuming that the Arans’ portrayal of the 
Mexican law is correct, we do not agree that a Mexican forum is thereby rendered 
inadequate. That the substantive law of an alternative forum may be less 
favorable to the plaintiff is entitled to little, if any, weight. Piper 
Aircraft, 454 U.S. at 246-51. We agree with the 
Fifth Circuit that “[a]n alternative forum is adequate if ‘the parties will not 
be deprived of all remedies or treated unfairly, even though they may not enjoy 
the same benefits as they might receive in an American court.’” Vasquez, 
325 F.3d at 671 (quoting Gonzalez v. Chrysler Corp., 301 F.3d 377, 379-80 
(5th Cir. 2002)). As the Fifth Circuit explained in Gonzalez:
 
[W]e start from basic principles of comity. Mexico, as a 
sovereign nation, has made a deliberate choice in providing a specific remedy 
for this tort cause of action. In making this policy choice, the Mexican 
government has resolved a trade-off among the competing objectives and costs of 
tort law, involving interests of victims, of consumers, of manufacturers, and of 
various other economic and cultural values. In resolving this trade-off, the 
Mexican people, through their duly-elected lawmakers, have decided to limit tort 
damages . . . . It would be inappropriate — even patronizing — for us to 
denounce this legitimate policy choice by holding that Mexico provides 
an inadequate forum for Mexican tort victims.
 
301 F.3d at 381-82. Pirelli has demonstrated the availability 
of an adequate alternative forum, and the factors that the Arans raise are immaterial to that assessment.
2. Private Interests
            
Pirelli argues that the private-interest factors identified in Gulf 
Oil favor a Mexican forum for several reasons, and we agree. First, key 
evidence and witnesses concerning damages are in Mexico. Benitez, 
the only witness to the accident, together with the accident investigators and 
all medical personnel are in Mexico. The witnesses most likely to 
be familiar with the condition and maintenance of the truck and the tire, the 
truck’s owner and its importer, are in Mexico. None of the Mexican witnesses 
can be compelled to testify in Texas, and 
several critical witnesses — Benitez, the truck’s owner, the importer of the 
truck, and even one of the plaintiffs — have refused to be deposed here. While 
compulsory process may be available under the Hague Convention, Pirelli 
presented evidence that the process was time-consuming, uncertain as to result, 
and unlikely to bear fruit in time for trial. The accident scene itself is in 
Mexico. Moreover, evidence concerning 
the tire’s design and manufacture is located not in Texas, but in Georgia or Iowa.
            
The Arans contend Pirelli has not demonstrated 
that litigating in Cameron County would be vexatious or oppressive, 
and has not shown that any burden on the corporation would substantially 
outweigh their own convenience. But the Arans cannot 
logically claim that it is more convenient for them to litigate in Texas than in Mexico. In fact, Felipa Aran Limas, Valentin’s mother, has refused to appear for a deposition in 
Texas, 
claiming she is unable to make the trip. It is undoubtedly true, as the Arans claim, that documentary evidence and expert reports 
will have to be translated into Spanish if the case proceeds in 
Mexico. But it is equally true that 
all documents and testimony bearing on the accident and its cause, the condition 
and maintenance of the truck and the tire, and damages, will have to be 
translated into English if the case is tried in Texas. On balance, the private 
interests that are implicated clearly favor the Mexican forum.
3. Public Interests
            
Factors regarding the public interest must also be considered in applying 
the doctrine of forum non conveniens. Gulf Oil, 
330 U.S. at 508. The public interests 
involved here strongly favor Mexico. Mexico’s 
interest in protecting its citizens and seeing that they are compensated for 
their injuries is paramount. The safety of Mexican highways and products within 
the country’s borders are also Mexican interests. On the other hand, it is 
unfair to impose upon the citizens of Cameron County the cost and administrative burden of a complex 
products-liability suit with no significant connection to Texas. As the Supreme 
Court has stated, “[j]ury duty is a burden that ought 
not to be imposed upon the people of a community which has no relation to the 
litigation.” Gulf Oil, 330 U.S. at 508-09. The happenstance that 
the truck was in Texas for eleven days before 
it was sold and imported to Mexico is simply insufficient to provide 
Texas with any 
interest in this case.
            
In sum, the factors the Supreme Court articulated in Gulf Oil 
clearly and overwhelmingly favor a Mexican forum for resolution of this dispute. 
In light of the evidence presented, the trial court’s denial of Pirelli’s motion 
was arbitrary, unreasonable, contrary to guiding rules and principles, and 
constituted a clear abuse of discretion.
IV. Inadequate Remedy by Appeal
            
We have held that there is no adequate remedy by appeal when a trial 
court refuses to enforce a forum-selection clause. In re 
Prudential Ins. Co. of Am., 148 S.W.3d 124, 138 (Tex. 2004). 
Erroneous denial of a forum-non-conveniens motion is 
closely analogous, and for the same reasons cannot be adequately rectified on 
appeal. We conclude that Pirelli has no adequate remedy by appeal, and 
conditionally grant mandamus relief.
* 
* *
            
For the foregoing reasons, we conditionally grant Pirelli’s petition for 
writ of mandamus, and direct the trial court to dismiss the case in accordance 
with our opinion. The writ will issue only if the trial court fails to 
comply.
            
            
            
            
            
            
___________________________________
            
            
            
            
            
            
Harriet O’Neill
            
            
            
            
            
            
Justice
 
OPINION DELIVERED: 
November 2, 2007









[1] 
The plaintiffs also sued Rolando Garza, d/b/a R. Garza Motors, the Brownsville dealer who 
sold the truck, but agreed to nonsuit Garza in 
exchange for Pirelli’s agreement not to remove the suit to federal 
court.

[2] 
The statute has since been amended; all references to section 71.051 in this 
opinion are to the version in effect when the case was filed.

[3] 
In 2003, the Legislature eliminated any distinction between the claims of 
citizens and noncitizens. It repealed former section 
71.051(a). Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 3.09, 2003 Tex. Gen. Laws 847, 855. The 
statute now provides that, if a court finds that “in the interest of justice and 
for the convenience of the parties [a case] would be more properly heard in a 
forum outside this state, the court shall decline to exercise 
jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or 
action.” Tex. Civ. Prac. & Rem. 
Code § 71.051(b) (emphasis added). That the Legislature has now mandated 
dismissal or a stay if a trial court finds that a case would be more properly 
heard in another forum does not mean that the discretion courts formerly 
exercised was limitless, however.

[4] 
Several commentators have observed that the common-law forum-non-conveniens analysis applies to section 71.051(a). See 
James Holmes, House Bill 4’s Impact on Multi-Plaintiff Joinder & Intervention and on Forum Non Conveniens, 46 S. Tex. L. Rev. 775, 820-21 (2005); Carl 
Christopher Scherz, Comment, Section 71.051 of the 
Texas Civil Practice and Remedies Code – The Texas Legislature’s Answer to 
Alfaro: Forum Non Conveniens in Personal Injury 
and Wrongful Death Litigation, 46 Baylor L. Rev. 99, 118 
(1994).