**Affirmed and Memorandum Opinion filed July 10, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00070-CV

---

## SAMMONS & BERRY, P.C. F/K/A VASQUEZ & SAMMONS, L.L.C., Appellant

## V.

## NATIONAL INDEMNITY COMPANY, ROBERT L. "PETE" McKINNEY, THE McKINNEY LAW FIRM, and McKINNEY & McKINNEY, P.C., Appellees

---

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2011-61761**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sammons & Berry, P.C. f/k/a Vasquez & Sammons, L.L.C. ("Sammons") appeals the trial court's order dismissing its Texas suit to recover attorneys' fees in connection with a former client's claim, which was filed in New Mexico state court to obtain damages resulting from an accident in New Mexico

between two New Mexico residents. Appellee National Indemnity Company moved for dismissal in the trial court, arguing three independent grounds for dismissal: (1) lack of subject-matter jurisdiction due to Sammons' lack of standing, (2) *forum non conveniens*, and (3) failure to join indispensable parties.

Sammons raises multiple issues on appeal, including contentions that (1) the trial court had subject-matter jurisdiction, (2) *forum non conveniens* did not apply, and (3) Sammons' former client and his wife are not indispensable parties to the lawsuit. We hold the trial court had subject-matter jurisdiction, but that it did not abuse its discretion in granting dismissal on the basis of *forum non conveniens*. We therefore affirm without reaching Sammons' remaining issues.

## BACKGROUND

Roger Banister was injured when the train on which he worked collided with a truck in New Mexico. In June 2008, he hired Sammons to represent him in recovering his damages arising out of the collision. Sammons sent a letter to National Indemnity, the insurance carrier for the truck driver, informing it that Sammons was representing Banister.

Banister signed a power of attorney that conveyed to Sammons a present undivided interest in his claims as an attorney's fee. Banister agreed to a fee of forty percent of any settlement or recovery received after filing suit but prior to an appeal. The power of attorney also included an arbitration clause, which stated that "[a]ny and all disputes, controversies, claims, causes of action or demands arising out of relating to this Agreement or any of its provisions," would be resolved by binding arbitration conducted in Harris County, Texas.

Approximately two weeks after signing the power of attorney, Banister terminated the representation. Sammons subsequently informed National

2

Indemnity that it was retaining its "attorney fee interest," but no longer represented Banister.

Banister entered into a representation agreement with appellee Robert L. "Pete" McKinney of McKinney & McKinney, P.C.[1] ("McKinney"), who retained a local New Mexico attorney, Stephen Doerr. On behalf of Banister and his wife, McKinney and Doerr filed suit against the truck driver and related entities in New Mexico state court for damages resulting from the collision. The petition alleged Roger Banister suffered serious injuries as a result of the collision, and his wife suffered past and future losses of consortium and household services.

The Banisters signed a full release of claims and indemnification agreement with National Indemnity, settling "all claims arising out of the Plaintiffs' injuries and damages, regardless of who may assert those claims," for $710,000. The Banisters also agreed to resolve any liens and hold the defendants harmless, agreeing that the Banisters' attorneys would hold in trust the full amount claimed by any entity claiming a lien in order to protect the defendants. The trial court then dismissed the suit with prejudice. National Indemnity issued a check for $700,000 to the Banisters, Doerr, and McKinney, holding the remaining $10,000 pending resolution of Sammons' assertion of a lien.

McKinney informed Sammons the Banisters had settled with the driver and National Indemnity, and asked what costs Sammons had incurred in the case. In response, Sammons repeatedly asked both McKinney and National Indemnity to disclose the gross amount of the settlement, asserting a fee interest in the proceeds. McKinney denied Sammons had a valid charging lien under New Mexico law, but

---

[1] Some documents refer to the firm as McKinney & McKinney, while others refer to it as The McKinney Law Firm. The record does not reveal the reason for this change, which does not affect the outcome of this appeal.

expressed a willingness to pay Sammons for the documented time Sammons spent working on his case as well as expenses the firm incurred during its two weeks of representation.

Sammons then filed this suit against National Indemnity and McKinney in Texas district court in Harris County. Sammons alleged tortious interference with contract, conversion, and civil conspiracy. The suit also included an allegation of barratry against McKinney. Neither the Banisters nor Doerr were named as defendants. The Texas trial court granted Sammons a temporary injunction, which enjoined the appellees from "distributing any attorney fees or expenses from the proceeds of the settlement."

The Banisters then filed a motion to reopen in the New Mexico court, asking the court to set aside its previous order dismissing the suit with prejudice and address Sammons' fee claim. A copy of the motion to reopen was sent to Sammons as well as the notice of hearing on the motion, but Sammons did not appear for the hearing.

The New Mexico court found that the motion to reopen fell within the parameters of New Mexico's rule on relief from judgment or order,[2] and it reopened the proceedings for the sole purpose of addressing the matters raised by the motion. The court further found that any contingency fee agreement entered into between the Banisters and Sammons was executed in New Mexico, making the agreement subject to the jurisdiction and laws of New Mexico, which requires liens or claims to a plaintiff's settlement to be filed in the underlying lawsuit in order for the claim to be valid. The New Mexico court asserted exclusive jurisdiction to determine whether Sammons had any type of attorney's lien or equitable charging lien against any proceeds received by the Banisters.

---

[2] *See* Rule 1-060(b), NMRA 2008.

The New Mexico court found that Sammons failed to assert any liens in the proceedings, and as such was not "entitled to any lien in, to or against any of the proceeds received by the [Banisters]" other than the $368.60 Sammons had previously submitted to McKinney as expenses. The court ordered National Indemnity—subject to the terms of and contingent upon the dissolution of the Texas court's temporary injunction—to release into the court registry in New Mexico any funds currently in its possession, $368.60 of which would be paid to Sammons and the balance to the Banisters. Finally, the New Mexico court ordered that its previous order of dismissal with prejudice remained in full force and effect, and was not subject to any further action, claim, or demand from Sammons.

National Indemnity then filed a motion to dismiss in the Texas trial court, asserting three grounds for dismissal, including *forum non conveniens*. The trial court granted National Indemnity's motion to dismiss without referencing a specific ground, and it ordered plaintiff's suit dismissed. This appeal followed.

ANALYSIS

Sammons contends neither a lack of subject-matter jurisdiction nor *forum non conveniens* supported the Texas trial court's dismissal of its suit. Because the order does not state the grounds on which the trial court relied, any grounds presented to the trial court may support dismissal. *See City of Mont Belvieu v. Enter. Prods. Operating, LP*, 222 S.W.3d 515, 518 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment."). We agree with Sammons that the trial court had subject-matter jurisdiction, but we affirm on the basis of *forum non conveniens*.

5

## I.     The trial court had subject-matter jurisdiction.

We first address the trial court's subject-matter jurisdiction.   National Indemnity argued in its motion to dismiss that the trial court lacked subject-matter jurisdiction because Sammons lacked standing to sue for attorneys' fees.   We disagree and conclude that the trial court had subject-matter jurisdiction.

Standing is a component of subject matter jurisdiction, which we review de novo.  *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993); *Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  "[T]he general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will actually be determined by the judicial declaration sought." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1999) (internal quotation marks omitted).

National Indemnity does not base its challenge to jurisdiction on a lack of a real controversy regarding Sammons' entitlement to attorneys' fees, but instead contends Sammons has sued the wrong party.  We need not decide whether National Indemnity is correct that Sammons may maintain suit solely against its former client because this contention relates to Sammons' entitlement to the remedy sought, not the court's adjudicatory authority.   Because National Indemnity's contention does not deprive the trial court of subject-matter jurisdiction, we conclude it does not support dismissal. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it." (quoting 21 C.J.S. *Courts* § 16, at 23 (1990))); *Yasuda Fire & Marine Ins. Co. of Am. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.—Houston

6

[14th Dist.] 2007, no pet.) ("Although lawyers and courts occasionally state informally that an entity has no 'standing' to enforce a contract . . . such an entity's inability to sue goes to the merits and does not deprive courts of jurisdiction.").

## II.    The trial court did not abuse its discretion by dismissing on the basis of *forum non conveniens*.

We next turn to Sammons' first and third issues, which challenge *forum non conveniens* as a basis for dismissal. We review a dismissal based on *forum non conveniens* for an abuse of discretion. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). Dismissal constitutes an abuse of discretion if the "decision is arbitrary, unreasonable, or without reference to guiding principles." *Id.* Where the trial court has considered the public and private interest factors relevant to *forum non conveniens*, and its balancing of those factors is reasonable, the trial court's exercise of discretion deserves substantial deference. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (per curiam). We may not reverse the trial court's determination of *forum non conveniens* merely because the factors could also be balanced in a reasonable manner that would support a different outcome. *See id.*

The doctrine of *forum non conveniens* provides an exception to the general rule that courts may not decline jurisdiction. *See Flaiz v. Moore*, 359 S.W.2d 872, 874 (Tex. 1962). "[T]he reasons for refusing to exercise jurisdiction may relate to the parties, the subject matter, or both." *Id.* The doctrine "tends to focus on the practicalities of litigating in one place or another, such as the availability of evidence, the convenience of the parties, and the imposition on the chosen forum's resources." *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 687 (Tex. 2006); *see also Sarieddine v. Moussa*, 820 S.W.2d 837, 839 (Tex. App.—Dallas 1991, writ denied) ("A trial court will exercise the doctrine of forum non

7

conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum.").

Under the common law, the plaintiff's choice of forum will be disturbed on the basis of *forum non conveniens* only where the balance of relevant factors strongly favors the defendant. *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 928–29 (Tex. 2010); *Adams v. ESC Med. Sys., Inc.*, 161 S.W.3d 49, 50 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Although a resident plaintiff's choice of forum is afforded more deference than a non-resident's, *Quixtar Inc.*, 315 S.W.3d at 31, the plaintiff's residence is not dispositive. *See Adams*, 161 S.W.3d at 51–52 (affirming trial court's dismissal of a suit brought by Texas plaintiffs). *Forum non conveniens* "recognizes that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness." *In re Pirelli Tire, Inc.*, 247 S.W.3d 670, 675 (Tex. 2007).

*Forum non conveniens* will support dismissal where (1) an alternative forum that provides an adequate remedy is available, and (2) the public and private interests in the litigation weigh in favor of the alternative forum. *See id.* at 676–79. We examine each of these elements in turn.

## A. New Mexico is an available and adequate forum.

"Ordinarily, an alternate forum is shown if the defendant is 'amenable to process' in the other jurisdiction." *In re Gen. Elec. Co.*, 271 S.W.3d at 687 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). National Indemnity and McKinney are amenable to suit in New Mexico, *see* N.M. Stat. Ann. § 40-6A-201, and the Banisters are New Mexico residents.

"[O]nce the defendant establishes that an 'available' forum exists, the

8

plaintiff must prove that the available forum is not adequate." *Sarieddine*, 820 S.W.2d at 841. Sammons contends New Mexico is not an adequate forum because the New Mexico trial court's post-judgment proceedings deprive it of "any rights to seek attorney's fees in the New Mexico courts." We disagree.

Circumstances may exist in which "an alternate forum is not adequate because the remedies it offers are so unsatisfactory that they really comprise no remedy at all." *In re Gen. Elec. Co.*, 271 S.W.3d at 687. But "[t]hat the substantive law of an alternative forum may be less favorable to the plaintiff is entitled to little, if any, weight." *In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 678. *Forum non conveniens* requires an available remedy in the alternative forum, but does not require the same cause of action or equivalent relief be available. *In re Gen. Elec. Co.*, 271 S.W.3d at 687; *In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 678 (holding Mexico was adequate forum even though it may not afford cause of action for strict liability, or provide for "American-Style" discovery or right to jury); *Berg v. AMF, Inc.*, 29 S.W.3d 212, 216–17 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding Canada was adequate forum although it "does not recognize strict liability causes of action, has monetary limits on non-economic damages, and only allows for recovery of punitive damages upon a showing of intentional conduct"); *Gomez de Hernandez v. Bridgestone/Firestone North Am. Tire, L.L.C.*, 204 S.W.3d 473, 483 (Tex. App.—Corpus Christi 2006, pet. denied) ("The primary consideration is whether the alternate forum entitles appellants to a remedy for their losses, even if the compensation available under the remedy is less than what may be recovered in a Texas court.").

Here, the New Mexico court determined that Sammons was not "entitled to any *lien* in, to or against any of the proceeds received by the Plaintiffs" other than the $368.60 awarded. (Emphasis added). The court also held that its prior order of

dismissal with prejudice "remains in full force and effect and is not subject to any further action, claim or demand" by Sammons.

But the New Mexico court's holding that Sammons did not show entitlement to a lien on the proceeds in the case before it does not extinguish all remedies for Sammons' alleged injury. Although New Mexico law would not permit Sammons to urge his claim for a charging lien in a new and separate suit, attorneys who fail to meet the requirements for this equitable lien may still "resort to remedies *at law*, such as a subsequent suit for breach of contract long after proceeds have been disbursed." *Computer One, Inc. v. Grisham & Lawless, P.A.*, 188 P.3d 1175, 1180 (N.M. 2008); *see also N. Pueblos Enters. v. Montgomery*, 644 P.2d 1036, 1038 (N.M. 1982) (holding trial court's equitable determination of amount of charging lien left attorney "free to go against [client] for the remaining fees due under the contract"); *Sowder v. Sowder*, 977 P.2d 1034, 1037 (N.M. Ct. App. 1999) ("When the circumstances supporting a charging lien are not present, an attorney must resort to the remedies available to other creditors.").

Sammons relies on *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 689 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc) (plurality op.), contending a judgment in a separate suit for fees will come too late if the Banisters have already spent funds erroneously disbursed to them. *See id.* at 689. If the original suit brought by the Banisters had been litigated in Texas, the *Madeksho* plurality would support the use of a post-judgment interpleader in that suit to resolve Sammons' fee claims. *See id.* This case is different from *Madeksho*, however, because Sammons elected to pursue a separate suit for fees in Texas rather than appear and litigate its entitlement to a charging lien as part of the original suit in New Mexico. Moreover, the adequacy of a remedy under the *forum non conveniens* doctrine is a separate inquiry from the available defendants' ability

10

to satisfy a judgment obtained using that remedy.[3]

Sammons also relies on the holding in *Honeycutt v. Billingsley*, 992 S.W.2d 570, 584 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), that "[i]f the defendant in [an] underlying suit [that settles] has notice of the [plaintiff's] attorney's interest, the defendant is liable to the attorney, even if he has already paid the client." *Honeycutt* recognizes that when a defendant and a plaintiff settle a case without the agreement of the plaintiff's attorney, thereby depriving the attorney of the opportunity to seek an interpleader, the attorney may bring a separate suit against the defendant to collect its fee if the defendant had notice of the attorney's interest. Sammons contends that under *Honeycutt*, it has a cause of action directly against National Indemnity and McKinney under Texas law.

Even if Sammons is correct (a question we need not decide), the availability of that Texas cause of action would not show that the New Mexico forum is inadequate. Although National Indemnity contends New Mexico would not recognize Sammons' standing to pursue a claim against it, neither side has (a) cited New Mexico authority for such a proposition or (b) argued that a New Mexico court would refuse to apply *Honeycutt* if Sammons is correct that Texas law governs its claim. As outlined above, Sammons still has an opportunity to pursue its remedies at law in New Mexico. Even if those remedies are not identical to the remedies available in Texas, that does not render New Mexico an inadequate forum. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 678. It is possible that the

---

[3] *E.g., Richards v. Lloyd's of London*, 135 F.3d 1289, 1296 n.6 (9th Cir. 1998) (en banc) (complaint that potential defendants are insolvent "does not, however, affect our analysis of the adequacy of English law"). Even if the available defendants' ability to satisfy a judgment were relevant, once the appellees established their amenability to process in New Mexico, it would become Sammons' burden to prove the inadequacy of that forum, including the Banisters' inability to satisfy a judgment. *See Sarieddine*, 820 S.W.2d at 841. Sammons has made no such showing.

remedies available in New Mexico will not include liability against National Indemnity as well as the other potential defendants, but we need not be certain Sammons will be successful against all defendants in New Mexico in order to hold New Mexico an adequate forum. *Cf. Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 423–24 (7th Cir. 2009).

Because New Mexico law provides a remedy and the defendants are amenable to suit in New Mexico, we hold Sammons did not show New Mexico to be an inadequate forum.

**B.    Concluding that public and private interests weigh strongly in favor of New Mexico as the alternative forum was not an abuse of discretion.**

Given the availability and adequacy of a New Mexico forum, we must next determine whether the trial court abused its discretion in determining that the balance of private and public interests under the factors announced in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), predominate in favor of New Mexico. *Berg*, 29 S.W.3d at 217; *see also Flaiz*, 359 S.W.2d at 874 (adopting *Gulf Oil* factors). Sammons contends the trial court abused its discretion because there are no public or private interests that weigh in favor of New Mexico. We disagree.

As articulated in *Gulf Oil*, the private interests at stake include "the ease of access to proof, the availability and cost of compulsory process, the possibility of viewing the premises, if appropriate, and other practical problems that make trial easy, expeditious, and inexpensive." *In re Gen. Elec. Co.*, 271 S.W.3d at 691. Public considerations include "court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case." *Id.* The defendant need

12

not prove each individual *Gulf Oil* factor. *Quixtar, Inc.*, 315 S.W.3d at 33.

National Indemnity argued in its motion to dismiss that it has a private interest in litigating in New Mexico because the Banisters and the local counsel in New Mexico are outside the Texas court's subpoena power. Although Sammons contends none of the evidence it needs is located in New Mexico and that it will not seek testimony from any witnesses in New Mexico, the applicable interest is the availability and cost of compulsory process for all parties' witnesses, not merely for the plaintiffs' witnesses. *See In re Gen. Elec. Co.*, 271 S.W.3d at 689–90 ("Further, while [plaintiff] argues that defendants have not identified any specific witness or evidence they are unable to obtain, such a showing is not necessary."). National Indemnity has indicated it would seek testimony from the Banisters as to whether good cause existed to dismiss Sammons—a circumstance relevant to Sammons' claims for a contingency fee[4]—as well as the circumstances surrounding the settlement. Thus, the unavailability of these witnesses is a factor that weighs in favor of New Mexico as the appropriate forum.[5]

An overlapping and related private interest is Sammons' contention in its fourth issue that its power of attorney contract with Banister contains an arbitration clause, which put appellees on notice that it might bring suit in Harris County for claims related to the contract. *Cf. In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 680 (Tex. 2009) ("By agreeing to the forum-selection clauses, Tropicpak

---

[4] *See Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969) ("In Texas, when the client, *without good cause*, discharges an attorney before he has completed his work, the attorney may recover on the contract for the amount of his compensation." (emphasis added)).

[5] In some cases, an affidavit may be needed to provide factual support for a defendant's claims of inconvenience. *See, e.g.*, *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 713 (Tex. App.—Dallas 2010, no pet.) (holding defendants did not meet their burden where they did not show how the cost of securing presence of witnesses would be lower in Chile than in Texas). But we decline to hold that a defendant is invariably required to file an "affidavit detailing why [the current forum] cannot afford the parties a fair and expeditious trial," as Sammons urges.

represented to IPA that the agreed forum would not be so inconvenient that enforcing the clause would deprive Tropicpak of its day in court."). Diminishing the force of this interest, however, is Sammons' choice to litigate its claims rather than seek arbitration,[6] as well as its choice to pursue claims against non-signatories to the contract containing the arbitration clause.[7]

As for public interests, because the client Sammons represented is a New Mexico resident, Sammons obtained the client through advertisement placed in New Mexico, and the underlying suit was filed and adjudicated in New Mexico, Sammons' claim to unpaid attorney's fees directly implicates the regulation of the practice of law in New Mexico. The Supreme Court of Texas has recognized in other contexts that this public interest is "inextricably intertwined with the administration of justice," *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994), and "vital" to the "benefit and protection of the people as a whole." *Hextar Title & Abstract Co. v. Grievance Comm., Fifth Cong. Dist., State Bar of Tex.*, 179 S.W.2d 946, 948 (Tex. 1944). The significance of New Mexico's regulatory interest therefore weighs heavily in favor of New Mexico as the appropriate forum.

Given the substantial deference owed to the trial court's exercise of discretion in balancing the public and private interests at stake, especially New Mexico's weighty interest in regulating the practice of law within its borders, we cannot say the determination that New Mexico is the appropriate forum "is

---

[6] *Cf. In re Boehme*, 256 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (holding whether the party seeking enforcement has "substantially invoked the judicial process" is relevant to the enforceability of an arbitration clause).

[7] *Cf. In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (noting that "[f]ederal courts have recognized six theories, arising out of common principles of contract and agency law, that may bind non-signatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel, and (6) third-party beneficiary."). Sammons has not invoked any of these six theories in either its response to National Indemnity's motion to dismiss or its brief on appeal.

arbitrary, unreasonable, or without reference to guiding principles." *In re Gen. Elec. Co.*, 271 S.W.3d at 685. We therefore overrule Sammons' first, third, and fourth issues.

## CONCLUSION

Having upheld one of the bases for dismissal presented to the trial court, we affirm the trial court's judgment.


/s/    J. Brett Busby
           Justice


Panel consists of Justices McCally, Busby, and Donovan.